**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest Hernandez Brito, III,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-20-01779-PHX-DJH<br><br>**ORDER** |

Plaintiff seeks judicial review of the Social Security Administration ("SSA") Commissioner's decision denying his application for SSA disability benefits. Plaintiff filed his Opening Brief (Doc. 21) on August 30, 2021. Defendant filed a Response Brief (Doc. 26) on October 26, 2021, and Plaintiff filed his Reply Brief (Doc. 31) on December 3, 2021. The Court has reviewed the briefs and the Administrative Record (Doc. 15-3, "R."). For the following reasons, the Court affirms the Administrative Law Judge's ("ALJ") decision.

**I.    Background**

On March 22, 2017, Plaintiff protectively filed an application for a period of disability and disability benefits with an alleged onset date of November 2, 2016. (R. at 21). An ALJ issued an unfavorable decision on December 19, 2019. (R. at 38). The Appeals Council denied Plaintiff's request for review. (R. at 1). This appeal followed.

Plaintiff claims several impairments to his ability to work. (R. at 23). The ALJ found Plaintiff had the following severe impairments: degenerative disc disease of the

cervical and lumbar spine; cervical radiculopathy; tendinopathy of the left shoulder rotator cuff; osteoarthritis of the bilateral elbows; bilateral carpal tunnel syndrome; status post-operative arthroscopy and anterior cruciate ligament (ACL) reconstruction of the left knee; osteoarthritis of the right knee; and malignant neoplasm of the prostate. (*Id.*) The ALJ found the following impairments were non-severe medically determinable impairments: gastroesophageal reflux disease ("GERD") without esophagitis, insomnia, obstructive sleep apnea, gout, restless leg syndrome, fatty liver, diverticulosis, hyperglycemia and hyperglyceridemia. (R. at 25). The ALJ also found Plaintiff's mental impairments of adjustment disorder and generalized anxiety disorder were non-severe medically determinable impairments. (*Id.*)

During his symptom testimony Plaintiff represented that he experiences urinary incontinence and must change his protection garments "about seven times a day." (R. at 73). He also testified that he has knee pain, trouble reaching out and overhead, and back pain that caused him to lie down every three to four hours. (R. at 76–82). In addition, he testified he used a cane when he left home. (R. at 72–73).

The ALJ, citing to medical records, found Plaintiff's symptom testimony was "not entirely consistent with the medical evidence and other evidence in the record . . . ." (R. at 30). The ALJ concluded that Plaintiff had the residual functional capacity to perform "less than a full range of work at the light exertional level with additional postural and manipulative limitations." (R. at 35). Thus, based on the vocational expert testimony, and "considering the claimant's age, education, work experience, and residual functional capacity," the ALJ concluded that Plaintiff "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (R. at 37). The ALJ therefore determined Plaintiff was not disabled. (R. at 38).

Plaintiff raises two issues: whether the ALJ erred in rejecting Plaintiff's own symptom testimony, and whether the ALJ erred in rejecting the assessment from the examining physician, Dr. Brian Briggs. (Doc. 21 at 1).

/ / /

## II. Standard of Review

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's residual functional capacity and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's residual functional capacity, age, education, and work

experience. 20 C.F.R. § 404.1520(a)(4)(v). If the ALJ determines no such work is available, the claimant is disabled. *Id.*

### III. Discussion

The Court finds the ALJ did not err in rejecting Plaintiff's symptom testimony. The Court further finds the ALJ did not err in assigning little weight to the examining physician, Dr. Brian Briggs.

### a. Plaintiff's Symptom Testimony

Plaintiff argues the ALJ erred when he rejected Plaintiff's symptom testimony. (Doc. 21 at 13). When an ALJ evaluates a claimant's symptoms, he considers symptom testimony, objective medical evidence, and other evidence in the record. 20 C.F.R. § 404.1529(c). An ALJ "may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991); *see also* 20 C.F.R. § 404.1529(c)(2). However, the ALJ may "reject the claimant's testimony about the severity of [the] symptoms" provided that the ALJ also explains his decision "by providing specific, clear, and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 488–89 (9th Cir. 2015).

Plaintiff first argues the ALJ erred when he rejected Plaintiff's symptom testimony because "the agency's vocational expert concluded that limitations in Plaintiff's symptom testimony would make it impossible to perform any sustained work." (Doc. 21 at 13). This argument misrepresents the vocational expert's testimony. During examination by Plaintiff's attorney, the vocational expert testified in response to a hypothetical about additional limitations, such as the number and length of breaks Plaintiff would be required to take if he were employed. (R. at 88). But the ALJ did not find Plaintiff would need breaks totaling up to two or more hours per day, as proposed by Plaintiff's counsel in the preceding hypothetical question. Indeed, the ALJ found Plaintiff "must have ready access to a restroom but the need to use the restroom can be accommodated by the normal breaks in the workday." (R. at 30). The ALJ was thus not required to adopt the vocational expert's

testimony as to the hypothetical because it was based on properly discounted testimony. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (finding ALJ was not required to incorporate evidence from an expert's opinion if those opinions were permissibly discounted).

Plaintiff next argues the ALJ committed a fundamental legal error in rejecting Plaintiff's reported symptoms based on severity. (Doc. 21 at 14). He argues "a claimant is not required to provide medical evidence of the severity of those symptoms." (*Id.* at 15). Indeed, when a claimant produces medical evidence of an underlying impairment that is reasonably likely to be the cause of the alleged pain, the law does not require Plaintiff to provide medical findings that "support the severity of pain." *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991). However, the ALJ did not discredit Plaintiff's alleged severity of pain because he failed "to provide medical evidence of the severity of those symptoms." To the contrary, the ALJ found Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." (R. at 30). Under 20 C.F.R. § 416.929(a), an ALJ is required to consider a claimant's symptoms "and the extent to which [the] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" in the record. The ALJ thus found "[w]hile the evidence of record shows some instances of mildly reduced range of motion of his knees and left shoulder, the record contains no notable findings to support the extent of limitations alleged or preclude work at the light exertional level." (R. at 32).

As to the medical evidence and other evidence, the ALJ cited to Plaintiff's physical examination findings that "revealed no significant range of motion, strength, sensation, joint instability or other abnormalities of the claimant's spine, lower or upper extremities." (R. at 32). He further pointed to the treating source notes from September of 2019 where the imaging studies "showed no signs of significant cord or nerve root impingement along the cervical spine, as well as the claimant is asymptomatic of lumbar radiculopathy." (*Id.*) Finally, he discussed how Plaintiff "acknowledged that he retains the ability to maintain

most of his hygiene, grooming and personal care needs, independently; prepares meals for himself; shops in stores for necessities; and drives himself to the grocery store and to necessary medical appointments." (*Id.*)  The ALJ thus concluded plaintiff's "residual functional capacity includes a restriction to less than a full range of work at the light exertional level with additional postural and manipulative limitations . . . ." (*Id.*)

Plaintiff further argues the ALJ "did not show that [Plaintiff]'s activities were at odds with his reported symptoms, which is the other basis for finding a claimant's activities may be a basis for discounting the severity of a claimant's condition." (Doc. 21 at 18). But the ALJ supported his findings with citations to reports from Plaintiff indicating "significant improvement, specifically, '80 percent improvement' of his left knee on post-surgical follow-up examination" while also acknowledging that he considered plaintiff's "ongoing treatment for his back symptoms." (R. at 32).  The ALJ further cited to medical records that noted Plaintiff "exhibited mildly reduced range of motion of the left shoulder on examination, however, the claimant otherwise exhibited full strength and range of motion of his right shoulder, forearms, elbows and hands, bilaterally, as well as there was no evidence of asymmetries of the upper extremities." (*Id.*)   The ALJ also expressly acknowledged and considered Plaintiff's "ongoing treatment for his back symptoms, his difficulty reaching overhead, and the limited range of motion to his left shoulder." (*Id.*)  It was precisely because of these impairments that the ALJ limited him to performing "work at the light exertional level with additional postural and manipulative limitations . . . ." (*Id.*)

For these reasons, the Court finds that the medical evidence presents clear and convincing reasons for finding Plaintiff "retains the residual functional capacity to perform less than a full range of work at the light exertional level with additional postural and manipulative limitations." (R. at 35).  Because substantial evidence supports the ALJ's findings, the Court finds the ALJ did not err by discounting Plaintiff's symptom testimony.

### b. Dr. Briggs' Medical Opinion

Plaintiff argues the ALJ improperly weighted the opinion of his examining physician, Dr. Brian Briggs. (Doc. 21 at 20).  An examining physician's opinion is entitled

to greater weight than the opinion of a non-examining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990). The Commissioner must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Pitzer*, 908 F.2d at 506. An examining doctor's opinion, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). A non-examining physician's opinion cannot by itself constitute substantial evidence that justifies the rejection of an examining physician's opinion. *Pitzer*, 908 F.2d at 506 n. 4. "Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

Dr. Briggs, the independent consultative examiner, opined that Plaintiff's physical impairments and symptoms made him "incapable of completing an eight-hour day, 40-hour workweek, or any work in any capacity." (R. at 34). He also opined Plaintiff's "gait was unstable and unsafe." (*Id.*) The ALJ afforded little weight to his opinion because "his findings [were] generally inconsistent with other examinations in the record." (*Id.*)

Plaintiff argues that the ALJ failed to cite evidence to support his decision to accord little weight to Dr. Briggs' opinion. (Doc. 21 at 21). Plaintiff further contends even if "there was one inconsistency, from a one-time examination, that is not enough to justify the ALJ's complete rejection of Dr. Briggs' assessment." (*Id.* at 22).

In the paragraph where the ALJ assigned little weight to Dr. Brigg's opinion, however, the ALJ cited Dr. Gregory Hunter's clinical examination findings, which opined that Plaintiff "could stand and walk for five hours in an eight-hour workday; and has no limitation in his ability to sit for the duration of an eight-hour workday." (R. at 34). He also highlighted Plaintiff's treatment notes, which indicated Plaintiff presented "a normal gait, has normal strength in his lower extremities, appeared to be in no acute distress and did not require the use of any assistive devices for ambulation or balancing." (*Id.*) Further, the preceding two pages of the ALJ's decision detail Plaintiff's medical history and provide

several citations to the Record showing Plaintiff could perform work at the light exertional level. (*See e.g.*, R. at 32–34) ("[P]hysical examination findings revealed no significant range of motion, strength, sensation, joint instability or other abnormalities of [Plaintiff's] spine, lower or upper extremities.") (citing R. at Exs. 16F at 3–4; 25F at 3, 14; 32F at 4–5; 44F at 40). The ALJ also cited to the State Agency medical consultants' determinations, both of whom concluded "improvement of the [Plaintiff's] knee symptoms with surgical intervention and the absence of more invasive treatment or surgical intervention for his neck and lower back symptoms." (R. at 34). Therefore, the ALJ concluded "[t]he generally benign findings on physical examination, the routine and conservative nature of [Plaintiff's] treatment for his musculoskeletal symptoms, as well as diagnostic findings showing no evidence of metastatic disease or other suspicious abnormalities of the prostate gland, support a finding [Plaintiff] is capable of work within the parameters of the restrictive residual functional capacity found herein." (R. at 35).

The Court finds that the ALJ provided specific and legitimate reasons based on substantial evidence in the record for not giving full weight to Dr. Briggs' opinions and cited directly to those contradictory records. *See Shalala*, 53 F.3d at 1043.

**IV.   Conclusion**

The Court finds the ALJ properly discounted Plaintiff's symptom testimony by providing specific, clear, and convincing reasons supported by substantial evidence. The Court further finds the ALJ provided specific and legitimate reasons supported by substantial evidence for affording little weight to Dr. Briggs' opinion. Therefore, the Court finds that the ALJ did not err in his decision, which is based on substantial evidence. *See Orn*, 495 F.3d at 630.

…

…

…

…

…

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the ALJ is **affirmed**. The Clerk of Court is directed to enter judgment accordingly and dismiss this action.

Dated this 1st day of March, 2022.

Honorable Diane J. Humetewa
United States District Judge